IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MEMPHIS-SHELBY COUNTY
AIRPORT AUTHORITY,

    Plaintiff/Counter-Defendant,

v.                                          No. 01-3041 B

ILLINOIS VALLEY PAVING COMPANY,

    Defendant/Counter-Plaintiff.

---

ILLINOIS VALLEY PAVING COMPANY,

    Third-Party Plaintiff,

v.

JACO AIRFIELD CONSTRUCTION, INC.,

    Third-Party Defendant.

---

JACO AIRFIELD CONSTRUCTION, INC.,

    Fourth-Party Plaintiff,

v.

NEHRING ELECTRICAL WORKS COMPANY,
GRAYBAR ELECTRIC COMPANY, INC.,

    Fourth-Party Defendants.

---

NEHRING ELECTRICAL WORKS COMPANY,
GRAYBAR ELECTRIC COMPANY, INC.,

    Fifth-Party Plaintiffs,

1

v.

AMERACE, a Division of Thomas & Betts Corporation,

    Fifth-Party Defendant.

---

ILLINOIS VALLEY PAVING COMPANY,

    Cross-Plaintiff,

v.

NEHRING ELECTRICAL WORKS COMPANY,
GRAYBAR ELECTRIC COMPANY, INC.,

    Cross-Defendants.

---

FIREMAN'S FUND INSURANCE COMPANY,

    Defendant/Cross-Claimant,

v.

JACO AIRFIELD CONSTRUCTION, INC.,
NEHRING ELECTRICAL WORKS COMPANY, and
GRAYBAR ELECTRIC COMPANY, INC.,

    Cross-Defendants.

---

## ORDER DENYING ONE BEACON AMERICA INSURANCE COMPANY'S MOTION TO INTERVENE

Plaintiff, Memphis-Shelby County Airport Authority ("MSCAA"), brought the instant action for breach of contract against the Defendants, Illinois Valley Paving Company ("IVP") and Fireman's Fund Insurance Company ("FFIC"), arising from a contract between MSCAA and IVP for the reconstruction and extension of a runway at the Memphis International Airport in Memphis, Tennessee. IVP subcontracted with Jaco Airfield Construction, Inc. ("Jaco") for the installation of

the electrical cable for an airfield lighting system on the runway. (Am. Compl. ¶ 7). The cable was supplied to Jaco by Graybar Electrical Company, Inc. ("Graybar") and manufactured by Nehring Electrical Works Company ("Nehring"). (Def. IVP's Resp. to Pl.'s Mot. Summ. J. at 2).

On December 28, 2001, MSCAA filed the instant action against IVP alleging that IVP breached the Construction Contract by installing underground airport lighting cable that failed to conform to the contractual requirement that the cable be made of cross-linked polyethylene insulation. (Am. Compl. ¶ 21). Thereafter, IVP filed a counterclaim against MSCAA and a cross-claim against Jaco, which in turn filed cross-claims against Nehring and Graybar, prompting IVP to also file claims against Nehring and Graybar. In addition, FFIC filed a cross-claim against Jaco, Nehring, and Graybar. Finally, on June 9, 2004, OneBeacon America Insurance Corporation ("OneBeacon") filed a declaratory judgment action against Jaco, IVP, and MSCAA, asserting that OneBeacon's insurance contract with Jaco will not cover Jaco's liability, if any, in the instant action. Before the Court is the motion of OneBeacon America Insurance Company ("OneBeacon") to intervene. For the reasons set forth below, the motion of OneBeacon is DENIED.

## BACKGROUND

The following facts are undisputed unless noted. On April 18, 1998, MSCAA and IVP entered into a contract ("Construction Contract") pursuant to which IVP agreed to act as general contractor for the reconstruction and extension of a portion of Runway 18C-36C and related taxiway (collectively referred to as the "World Runway") at the Memphis International Airport in Memphis, Tennessee ("Project 6500"). (Am. Compl. ¶ 4, Ex. A).

Testing of various samples of cable from project 6500 revealed that some of the samples failed to meet FAA requirements for the degree of cross-linking. (Am. Compl. ¶ 10; Pl.'s Statement

of Undisputed Material Facts ¶ ¶ 23-26). Based upon the installation of non-conforming cable, MSCAA never gave final acceptance on Project 6500.[1] (Joseph M. Polk ("Polk") Dep. at 132-33; Pl.'s Statement of Undisputed Material Facts ¶ 28). Instead, the Plaintiff contacted IVP and requested that the defendant remove and replace the defective and non-conforming cable. (Am. Compl. ¶ 18). After IVP's continuing refusal to replace the non-conforming cable, MSCAA decided, in May 2002, to have the cable replaced by another company. (Pl.'s Statement of Undisputed Material Facts ¶ ¶ 27, 29). The instant action followed.

## ANALYSIS

OneBeacon contends its motion for intervention should be granted so that it might be allowed to submit jury questions at the trial of the instant action pursuant to Federal Rule of Civil Procedure 49 "in order to determine the jury's allocation of damages, so that the intervenor could use this information" in its declaratory judgment action.[2] (OneBeacon's Mot. Intervene at 2).

---

[1] GP 50-15 FINAL ACCEPTANCE of the Construction Contract provides, in relevant part, that "[u]pon due notice from the Contractor of presumptive completion of the entire project, the Engineer and Owner will make an inspection. If all construction provided for and contemplated by the contract is found to be completed in accordance with the contract, plans and specifications, such inspection shall constitute the final inspection. The Engineer shall notify the Contractor in writing of final acceptance as of the date of the final inspection." (Pl.'s Mot. Partial Summ. J. at 3, n. 3).

[2] The Rule in question provides:

> (a) Special Verdicts. The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a

MSCAA responds that OneBeacon's motion to intervene should be denied because it is untimely and "would further complicate the main action." (MSCAA's Resp. Mot. Intervene at 5). Nehring responds that OneBeacon's motion should be denied because its intervention could confuse the jury and "prejudice adjudication of the rights of the original parties." (Nehring's Resp. Mot. Intervene at 6).

Federal Rule of Civil Procedure 24 provides, in relevant part,

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground

---

> trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.
>
> (b) General Verdict Accompanied by Answer to Interrogatories. The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When the answers are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial.

Fed. R. Civ. P. 49.

> of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In its motion, OneBeacon, after citing Rule 24 and the case style of its declaratory judgment action, presents this Court with the following one-paragraph argument in support of its motion:

> Because the Plaintiff's claims in the instant case are, according to OneBeacon's insured, JACO, covered under the policies of insurance at issue in the coverage action, a contention that OneBeacon disputes, OneBeacon submits that the Court should allow OneBeacon to intervene for the limited purpose of submitting written interrogatories to the jury pursuant to Rule 49(a) and (b) of the Federal Rules of Civil Procedure.

The Court notes that OneBeacon's memorandum in support of its motion is devoid of any claim, citation to authority, or analysis concerning what, if any, common question of law or fact exists to satisfy the requirements of Rule 24(b). In any event, assuming arguendo that this case eventually proceeds to trial, the jury may well need a scorecard to keep the parties straight. The Court therefore finds that OneBeacon's motion to intervene via the submission of jury questions designed to buttress its declaratory judgment action would operate so as to potentially "prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24; see Providence Baptist Church v. Hillandale Committee, Ltd., 425 F.3d 309, 314 (6th Cir. 2005) (stating that the decision to grant or deny a motion to intervene is within the sound discretion of the trial court). Thus, OneBeacon's motion to intervene is DENIED.

IT IS SO ORDERED this 15th day of September, 2006.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE