IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MEMPHIS-SHELBY COUNTY
AIRPORT AUTHORITY,

    Plaintiff/Counter-Defendant,

v.                                                 No. 01-3041 B

ILLINOIS VALLEY PAVING COMPANY,

    Defendant/Counter-Plaintiff.

---

ILLINOIS VALLEY PAVING COMPANY,

    Third-Party Plaintiff,

v.

JACO AIRFIELD CONSTRUCTION, INC.,

    Third-Party Defendant.

---

JACO AIRFIELD CONSTRUCTION, INC.,

    Fourth-Party Plaintiff,

v.

NEHRING ELECTRICAL WORKS COMPANY,
GRAYBAR ELECTRIC COMPANY, INC.,

    Fourth-Party Defendants.

---

NEHRING ELECTRICAL WORKS COMPANY,
GRAYBAR ELECTRIC COMPANY, INC.,

    Fifth-Party Plaintiffs,

v.

AMERACE, a Division of Thomas & Betts Corporation,

    Fifth-Party Defendant.
_____

ILLINOIS VALLEY PAVING COMPANY,

    Cross-Plaintiff,

v.

NEHRING ELECTRICAL WORKS COMPANY,
GRAYBAR ELECTRIC COMPANY, INC.,

    Cross-Defendants.
_____

FIREMAN'S FUND INSURANCE COMPANY,

    Defendant/Cross-Claimant,

v.

JACO AIRFIELD CONSTRUCTION, INC.,
NEHRING ELECTRICAL WORKS COMPANY, and
GRAYBAR ELECTRIC COMPANY, INC.,

    Cross-Defendants.
_____

ORDER DENYING MOTIONS OF FIREMAN'S FUND INSURANCE CO. AND NEHRING
ELECTRICAL WORKS CO. TO STRIKE THE MEMPHIS SHELBY COUNTY AIRPORT
AUTHORITY'S MOTION FOR SUMMARY JUDGMENT AGAINST FIREMAN'S FUND
INSURANCE CO.
_____

    Plaintiff, Memphis-Shelby County Airport Authority ("MSCAA"), brought the instant action for breach of contract against the Defendants, Illinois Valley Paving Company ("IVP") and Fireman's Fund Insurance Company ("FFIC") arising from a contract between MSCAA and IVP for the reconstruction and extension of a runway at the Memphis International Airport in Memphis,

Tennessee. On October 6, 2006, MSCAA filed a motion for summary judgment against FFIC. In response, and currently before the Court, are the motions of FFIC and Nehring Electrical Works Co. ("Nehring") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike MSCAA's October 6, 2006 motion, alleging the motion was filed after the expiration of the date for the filing of dispositive motions in the Court's Rule 16(b) scheduling order. MSCAA has responded, arguing that this Court rescinded the deadline for the filing of dispositive motions and that currently no such deadline exists. For the reasons set for below, the motions to strike are DENIED.

Federal Rule of Civil Procedure 12(f) provides,

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

FFIC and Nehring urge this Court to strike MSCAA's motion under Rule 12(f) based upon MSCAA's failure to follow the Rule 16(b) scheduling order. See Fed. R. Civ. P. 16(b) (providing for the court to limit the time in which parties may file motions).

In this case, as noted by FFIC and Nehring, the Court entered a scheduling order directing the parties to file all dispostive motions on or before February 15, 2006. See (Doc. # 271, Order Continuing Trial and Amending Scheduling Order, Nov. 17, 2005, at 2). However, while it may have escaped the notice of FFIC and Nehring, this Court filed an order on May 26, 2006, as was noted in response by MSCAA, vacating the trial date and suspending "[a]ll case deadlines in the current Scheduling Order, Document 271 . . . ." (Doc. # 454, Order, May 26, 2006, at 2). Therefore,

as no dispositive motion deadline existed on October 6, 2006, FFIC[1] and Nehring's motions to strike are not well taken and are therefore DENIED.  FFIC and Nehring are hereby given until July 27, 2007, in which to respond to MSCAA's motion for summary judgment against FFIC.

    IT IS SO ORDERED this 27st day of June, 2007.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE

---

[1] In its motion to strike, FFIC also argues that MSCAA's motion for summary judgment should not be granted because "under the bond [the motion for summary judgment] is completely without merit."  The Court will not consider this argument pursuant to the motion to strike, but will consider it if properly raised as a response to MSCAA's motion for summary judgment.