IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MEMPHIS-SHELBY COUNTY
AIRPORT AUTHORITY,

    Plaintiff/Counter-Defendant,

v.                                                     No. 01-3041 B

ILLINOIS VALLEY PAVING COMPANY,

    Defendant/Counter-Plaintiff.

_____

ILLINOIS VALLEY PAVING COMPANY,

    Third-Party Plaintiff,

v.

JACO AIRFIELD CONSTRUCTION, INC.,

    Third-Party Defendant.

_____

JACO AIRFIELD CONSTRUCTION, INC.,

    Fourth-Party Plaintiff,

v.

NEHRING ELECTRICAL WORKS COMPANY,
GRAYBAR ELECTRIC COMPANY, INC.,

    Fourth-Party Defendants.

_____

NEHRING ELECTRICAL WORKS COMPANY,
GRAYBAR ELECTRIC COMPANY, INC.,

    Fifth-Party Plaintiffs,

1

v.

AMERACE, a Division of Thomas & Betts Corporation,

    Fifth-Party Defendant.

---

ILLINOIS VALLEY PAVING COMPANY,

    Cross-Plaintiff,

v.

NEHRING ELECTRICAL WORKS COMPANY,
GRAYBAR ELECTRIC COMPANY, INC.,

    Cross-Defendants.

---

FIREMAN'S FUND INSURANCE COMPANY,

    Defendant/Cross-Claimant,

v.

JACO AIRFIELD CONSTRUCTION, INC.,
NEHRING ELECTRICAL WORKS COMPANY, and
GRAYBAR ELECTRIC COMPANY, INC.,

    Cross-Defendants.

---

ORDER DENYING MOTION OF NEHRING ELECTRICAL WORKS CO. FOR RELIEF
PURSUANT TO FED. R. CIV. P. 60(b)(1)

---

    Plaintiff, Memphis-Shelby County Airport Authority ("MSCAA"), brought the instant action for breach of contract against the Defendants, Illinois Valley Paving Company ("IVP") and Fireman's Fund Insurance Company ("FFIC") arising from a contract between MSCAA and IVP for the reconstruction and extension of a runway at the Memphis International Airport in Memphis, Tennessee. On November 1, 2006, the Court entered an order granting the motion of Fourth-Party

Case 2:01-cv-03041-STA-egb   Document 599   Filed 07/11/07   Page 3 of 7   PageID 12124

Plaintiff Jaco Airfield Construction, Inc. ("Jaco") for summary judgment against Fourth-Party Defendant Nehring Electrical Works Co. ("Nehring"). Before the Court is Nehring's motion for relief from the November 1, 2006 order pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and Rule 5 of the Federal Rules of Appellate Procedure, and for a certified question of law to be presented to the Tennessee Supreme Court pursuant to Tennessee Supreme Court Rule 23. Jaco has responded, and this motion is now appropriate for disposition. For the reasons set forth below, the motions are DENIED.

## ANALYSIS

Fourth-Party Defendant Nehring urges this Court to grant it relief from the judgment entered against it in Jaco's favor. Nehring claims that this Court's order granting Jaco's motion for summary judgment was replete with mistakes which must be corrected.

Rule 60(b) permits the court, "upon such terms as are just," to relieve a party from a final judgment or order for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion may only be granted for one of the specifically enumerated reasons. Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 268 (6th Cir. 1998), reh'g and suggestion for reh'g en banc denied (May 22, 1998). A Rule 60(b)(1) mistake includes a district court's mistake of law in the order or judgment from which relief is sought. Jalapeno Prop. Mgmt.,

LLC v. Dukas, 265 F.3d 506, 515 n. 1 (6th Cir. 2001).

Initially, the Court notes that the plain language of Rule 60(b) precludes its operative effect on interlocutory orders such as the one at issue here. The relevant language of Rule 60(b) states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . ." (Emphasis added).

A Rule 60(b) motion may "provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir.2000) (internal quotation marks and citation omitted). Relying on the plain language of the Rule and Cacevic, the court in Priest v. Global Furniture, Inc., 2005 WL 3448051, *1 (E.D. Tenn., Dec. 15, 2005), stated that "Rule 60(b) applies only to final judgments and orders." (Internal citations omitted); see also Bon Air Hotel, Inc. v. Time, Inc., 426 F.2d 858, 862 (5th Cir. 1970) ("The district court's denial of Time's motion for summary judgment . . . was only an interlocutory order and thus not subject to being vacated under Rule 60(b)."). Because the Court's order granting Jaco's motion for summary judgment was not a final order, but rather an interlocutory one, it may not be vacated pursuant to Rule 60(b).

However, the Court also recognizes that it has inherent authority to amend or rescind interlocutory orders pending final judgment. See, e.g., Fed. R. Civ. P. 54(b). In support of its argument that the Court's application of Tennessee law was mistaken, Nehring rehashes and recasts the arguments it submitted in response to Jaco's motion for summary judgment against it. Once again, the Court disagrees with Nehring's position. Therefore, the Court concludes that no basis exists for the modification or recision of the November 1, 2006 order granting Jaco's motion for

summary judgment.

Nehring next urges this Court to allow it to file an interlocutory appeal if the Court denies its motion to alter or amend. 28 U.S.C. § 1292(b) provides,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

Federal Rule of Appellate Procedure 5(a)(3) provides that "[i]f a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order."

Nehring's originally filed a motion to alter or amend the November 1, 2006 order under Rule 59(e), which this Court dismissed as untimely, in which it argued that this Court should amend its order to allow it permission to file an interlocutory appeal. (Order Den. Nehring's Mot. to Alter or Amend, June 29, 2007, at 6). In the instant motion, Nehring again moves this Court to alter or amend the judgment to include language allowing it an interlocutory appeal. However, as has already been noted, Rule 60(b) does not apply to interlocutory orders. See Feathers, 141 F.3d 264, 268 (6th Cir. 1998) (stating that a Rule 60(b) motion may only be granted for one of the specifically enumerated reasons listed in the Rule).

In addition to the untimeliness of Nehring's motion to alter or amend the order to include

5

language allowing Nehring to file an interlocutory appeal, the party seeking such amendment must convince the court that the order sought to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b). This Court has previously determined that under the facts of this case, the economic loss and comparative fault doctrines do not apply based upon the fact that this is a breach of contract case as opposed to a tort case. In addition, because this order does not decide the question of damages, even following a resolution of the pending motions, the ultimate termination of this litigation would not be expedited by an interlocutory appeal. Thus, the Court finds Nehring's motion for an interlocutory appeal is not well taken, and is therefore DENIED.

Finally, Nehring urges this Court to submit the following certified question of law to the Tennessee Supreme Court: "Absent privity, can a plaintiff seek purely economic loss damages under the doctrine of implied indemnification?" (Nehring's Mot. for Relief from J. at 6); see Tenn. Sup. Ct. R. 23. For purposes of certifying this question raised by Nehring to the Tennessee Supreme Court, this Court must determine that "there are questions of law of [Tennessee] which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in decisions of the Supreme Court of Tennessee." Tenn. Sup. Ct. R. 23(1). The Court has previously determined that there is Tennessee Supreme Court precedent that the economic loss doctrine is inapplicable to claims which do not involve allegations of tort liability. Again, the Court has determined that this case involves questions of contract law and, thus, the economic loss doctrine would not be applicable to these allegations. The Court declines to accept Nehring's invitation to present a certified question of law to the Tennessee Supreme Court. Therefore, the motion to certify

a question of law to the Tennessee Supreme Court is DENIED.

    IT IS SO ORDERED this 11th day of July, 2007.

                          s/ J. DANIEL BREEN
                          UNITED STATES DISTRICT JUDGE