IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MEMPHIS-SHELBY COUNTY
AIRPORT AUTHORITY,

     Plaintiff,

v.                                No. 01-3041 B

ILLINOIS VALLEY PAVING COMPANY and
FIREMAN'S FUND INSURANCE COMPANY,

     Defendants.

_____

ILLINOIS VALLEY PAVING COMPANY,

     Counter-Plaintiff,

v.

MEMPHIS-SHELBY COUNTY
AIRPORT AUTHORITY,

     Counter-Defendant.

_____

ILLINOIS VALLEY PAVING COMPANY,

     Third-Party Plaintiff,

v.

JACO AIRFIELD CONSTRUCTION, INC.,

     Third-Party Defendant.

_____

JACO AIRFIELD CONSTRUCTION, INC.,

     Fourth-Party Plaintiff,

v.

NEHRING ELECTRICAL WORKS COMPANY,

GRAYBAR ELECTRIC COMPANY, INC.,

       Fourth-Party Defendants.

_____

ILLINOIS VALLEY PAVING COMPANY,

       Cross-Claimant,

v.

NEHRING ELECTRICAL WORKS COMPANY,
and GRAYBAR ELECTRIC COMPANY, INC.,

       Cross-Defendants.

_____

FIREMAN'S FUND INSURANCE COMPANY,

       Cross-Claimant,

v.

JACO AIRFIELD CONSTRUCTION, INC.,
NEHRING ELECTRICAL WORKS COMPANY, and
GRAYBAR ELECTRIC COMPANY, INC.,

       Cross-Defendants.

_____

ORDER DENYING MOTION OF FOURTH-PARTY DEFENDANT NEHRING ELECTRICAL
WORKS COMPANY FOR PARTIAL SUMMARY JUDGMENT
AGAINST JACO AIRFIELD CONSTRUCTION, INC.

_____

       Plaintiff, Memphis-Shelby County Airport Authority ("MSCAA"), brought the instant action

for breach of contract against the Defendants, Illinois Valley Paving Company ("IVP") and Fireman's

Fund Insurance Company ("FFIC") arising from a contract between MSCAA and IVP for the

reconstruction and extension of a runway at the Memphis International Airport in Memphis,

Tennessee.  Before the Court is the motion of fourth-party Defendant Nehring Electrical Works

Company ("Nehring") for partial summary judgment against fourth-party Plaintiff Jaco Airfield

Construction, Inc. ("Jaco"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. No. 606.) Jaco has responded, and this motion is now ripe for disposition. For the following reasons, Nehring's motion is denied.

<u>BACKGROUND</u>

The following facts are undisputed unless noted. On April 16, 1998, MSCAA and IVP entered into a contract ("Construction Contract") pursuant to which IVP agreed to act as general contractor for the reconstruction and extension of a portion of Runway 18C-36C and related taxiway (collectively referred to as the "World Runway") at the Memphis International Airport in Memphis, Tennessee ("Project 6500"). (Am. Compl. ¶ 5.) Construction began on Project 6500 in May of 1998. (<u>Id.</u> ¶ 3.) Prior to entering into the contract with MSCAA, IVP subcontracted with Jaco for the installation of the electrical cable and airfield lighting system. (<u>Id.</u> ¶ 7.) The cable in question was supplied to Jaco by Graybar Electrical Co., Inc. ("Graybar") and manufactured by Nehring. (Doc. No. 606, Nehring's Statement of Facts ¶¶ 6-7.) IVP and Jaco entered into a subcontract that required Jaco to comply with the provisions of the Construction Contract between IVP and MSCAA. (<u>Id.</u> ¶ 5.)

On December 28, 2001, MSCAA filed the instant action against IVP alleging that IVP breached the Construction Contract by installing underground airport lighting cable that failed to conform to the contractual requirement that the cable be made of cross-linked polyethylene insulation.[1] (Am. Compl. ¶ 21.) MSCAA contended that the electrical cable and lighting system were defective and unsuitable for use in the World Runway, thereby constituting a breach of the Construction Contract by IVP. (Am. Compl. ¶¶ 21-22.) Allen & Hoshall, MSCAA's representative,

_____

[1] Thereafter, IVP filed a cross-claim against Jaco, seeking indemnity pursuant to the terms of the subcontract, and Jaco in turn filed cross-claims against Nehring, also seeking indemnity along with other forms of relief. (Doc. No. 606, Nehring's Statement of Facts ¶¶ 14-15.)

engineer, and construction project manager for Project 6500, repeatedly contacted IVP in the months before MSCAA filed suit to express concern over the defective cable and demand that it be replaced. (Doc. No. 602, Nehring's Statement of Facts ¶ 9.)  After filing suit against IVP, MSCAA hired Hypower, Inc. ("Hypower"), to remove and replace the cable on Project 6500.  (Id. ¶ 31.)  Hypower provided MSCAA with an estimate of $1.58 million and eventually completed the project for $1,585,984.  (Id. ¶¶ 16-17.)  Hypower had previously offered to do the job for IVP, but IVP did not respond to its offer.  (Id. ¶ 16.)  According to its last interrogatory response, MSCAA is already claiming $2,923,657.47 in damages as a result of IVP's refusal to remove and replace the cable.  (Id. ¶ 18.).[2]

On September 15, 2006, this Court granted MSCAA's motion for summary judgment against IVP, holding that "IVP's installation of and failure to remove and replace the non-conforming cable constituted a material breach of the Construction Contract."  (Doc. No. 534, Order Granting MSCAA's Mot. for Summ. J. against IVP, at 9-10.)  The Court later held that because Nehring manufactured the non-conforming cable, it was liable for IVP and Jaco's loss under the common law theory of implied indemnity.  (Doc. No. 559, Order Granting IVP's Mot. for Partial Summ. J. against Nehring, at 10; Doc. No. 561, Order Granting Jaco's Mot. for Partial Summ. J. against Nehring, at 12.)  Similarly, the Court granted IVP's motion for summary judgment against Jaco, ruling that Jaco must indemnify IVP for its loss because it supplied defective cable in violation of the subcontract. (Doc. No. 541, Order Granting IVP's Mot. for Partial Summ. J. against Jaco, at 10.)

---

[2] Nehring contrasts IVP's behavior with that of Angelo Iafrate Construction Company ("AICC"), with whom MSCAA contracted to work on a different portion of the World Runway ("Project 6505").  (Doc. No. 606, Nehring's Statement of Facts ¶ 2.)  MSCAA also accused AICC of installing faulty cable, but AICC accepted Hypower's offer to replace the cable and has not been sued.  (Id. ¶¶ 10-12.)

On March 30, 2007, the Court reconsidered a previous Order and found that pursuant to the terms of the Construction Contract, MSCAA could recover all direct, indirect and consequential damages it incurred from IVP's failure to remove and replace the defective cable. (Doc. No. 581, Order Granting MSCAA's Mot. to Alter or Amend J., at 10.) Nehring subsequently filed this motion, arguing that its indemnification of Jaco should not extend to MSCAA's litigation expenses. (Doc. No 606, Nehring's Mot. for Partial Summ. J. against Jaco, at 6.)

## STANDARD OF REVIEW

Rule 56 (c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and

on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.  In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action." <u>Lord v. Saratoga Capital, Inc.</u>, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1478 (6th Cir. 1989)).  Finally, the "judge may not make credibility determinations or weigh the evidence." <u>Adams v. Metiva</u>, 31 F.3d 375, 379 (6th Cir. 1994).

ANALYSIS

Nehring argued in a previous motion that the damages owed MSCAA can be divided into two categories: those associated with the removal and replacement of the defective cable and those associated with the subsequent litigation over the faulty cable.  (Doc. No. 602, Nehring Mot. for Partial Summ. J. against IVP, at 14-15.)  According to Nehring, IVP should be held responsible for MSCAA's litigation expenses, because only IVP had the obligation pursuant to the Construction Contract to remove and replace the cable, and its refusal to do so constituted negligence.  (<u>Id.</u> at 12-17.)  Nehring further contends that because the Court held that it is required to indemnify Jaco for the same reasons it is required to indemnify IVP, Nehring should not be compelled to indemnify Jaco for MSCAA's litigation costs either.  (Doc. No. 606, Nehring's Mot. for Partial Summ. J. against Jaco, at 6.)

In support of its motion, Nehring adopts the legal arguments that it raised in its motion for partial summary judgment against IVP.  (<u>Id.</u>)  These arguments are not necessarily transferable to the instant motion, however, because while the Construction Contract was incorporated into Jaco's subcontract with IVP, Jaco was not obligated under the terms of the Construction Contract to remove and replace any materials deemed to be non-conforming by Allen & Hoshall.  (<u>See</u> Ex. G to Doc. No. 322, General Provision 50-10 of the Construction Contract (stating that the Contractor

(IVP) was required to remove and replace work deemed unacceptable by the Engineer (Allen & Hoshall).) Nehring admits in its prior motion that it was IVP's "sole" refusal that led to the cable not being removed and replaced. (Doc. No. 602, Nehring Mot. for Partial Summ. J. against IVP, at 12.) Thus, as Jaco, unlike IVP, was *not* contractually bound to replace the defective cable, the Court cannot grant Nehring's motion because Jaco's fault was *not* "qualitatively different" from that of Nehring. See Winter v. Smith, 914 S.W.2d 527, 542 (Tenn. Ct. App. 1995) (stating that courts will impose an implied obligation to indemnify "when justice and fairness demand that the burden of paying for the loss be shifted to the party whose fault or responsibility is qualitatively different from the other parties") (citations omitted).

Nehring insists in the alternative that it should not be required to indemnify Jaco for MSCAA's litigation expenses because Jaco failed to mitigate damages by removing and replacing the cable. (Doc. No 606, Nehring's Mot. for Partial Summ. J. against Jaco, at 7-8.) In support of its motion, Nehring again adopts the arguments it raised in its motion for partial summary judgment against IVP. (Id. at 7.) As discussed above, however, only IVP had the obligation to remove and replace the cable. Thus, the Court denies Nehring's motion for partial summary judgment on the basis that Jaco failed to mitigate damages.

## CONCLUSION

For the reasons articulated herein, the Court finds that Nehring's motion for partial

summary judgment against Jaco must be DENIED.

**IT IS SO ORDERED** this 28th day of March, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE